[Civil No. 1406.  Filed July 7, 1915.]

[150 Pac. 238.]

## THE WARREN COMPANY, a Corporation, Appellant, v. WILLIAM G. HANSON, Appellee.

1. WATERS AND WATERCOURSES—WATER COMPANIES—ACTION ON CONTRACT—BURDEN OF PROOF.—Plaintiff, in an action against a water company for loss of property destroyed by fire by reason of the company's breach of contract to furnish water. through plaintiff's private fire pipe-line, had the burden of establishing that defendant company for a consideration undertook to supply water through a connection with the main pipe-line when needed to extinguish fires on plaintiff's property, and failed to perform that duty, from which the loss proximately resulted.

   [As to liability of water company for loss by fire, see note in 81 Am. St. Rep. 480.]

2. WATERS AND WATERCOURSES—CONTRACTS—ACTION FOR BREACH—DEFENSES.—A water company contracting to furnish water through plaintiff's fire pipe-line, which plaintiff was to keep in repair, in protection of its property in the water could refuse to perform its contract while the line was out of repair and wasting the water, and, if the loss occurred during such time, was not liable.

3. WATERS AND WATERCOURSES—ACTION FOR BREACH OF CONTRACT—COMPLAINT.—A complaint alleging that plaintiff contracted with a water company to pay one-third of the cost of a pipe-line in consideration of the company's promise to allow plaintiff to attach a private fire pipe-line, the performance of such agreement, that defendant without plaintiff's knowledge cut the water from the fire pipe-line, after which a fire started and destroyed plaintiff's property, which otherwise might have been saved, as against a demurrer, stated a good cause of action.

4. WATERS AND WATERCOURSES — ACTION FOR BREACH OF CONTRACT — QUESTION FOR JURY.—In an action to recover for the loss of property destroyed by fire, alleged to have resulted from defendant water company's breach of its contract to furnish water through a private pipe-line for the protection of plaintiff's property, the making of the contract and the terms thereof *held* for the jury on the evidence.

5. EVIDENCE—VALUE OF PROPERTY.—In such action evidence as to the amount which plaintiff had paid for the property when he acquired it was admissible on the issue of its value when destroyed, though *not alone sufficient to establish such value.*

6. WATERS AND WATERCOURSES — PRIVATE SUPPLY — BREACH OF CONTRACT—DAMAGE FROM FIRE.—In an action to recover for the loss of property destroyed by fire, alleged to have resulted from the breach of defendant water company's contract to furnish water to plaintiff's fire pipe-line, the measure of damages was the value of the property actually destroyed by the fire, and within the contemplation of the contract.

7. DAMAGES—BREACH OF CONTRACT—REDUCTION OF DAMAGES.—In such case the amount of the insurance collected by the plaintiff was to be applied to the reduction of the damages *pro tanto.*

APPEAL from a judgment of the Superior Court of the County of Cochise. A. C. Lockwood, Judge. Reversed and remanded.

Mr. Frank H. Hereford, Mr. Frank E. Curley and Mr. C. T. Knapp, for Appellant.

Messrs. Williams & Flanigan, for Appellee.

CUNNINGHAM, J.—This action was commenced by appellee to recover for the loss of property destroyed by fire, alleged to have proximately resulted from the breach of a contract formerly existing between the parties plaintiff and defendant. Appellant is the owner and operator of a domestic water system by means of which it supplies water for domestic and public use to the people of the town of Warren. Appellee, as plaintiff, alleged that he entered into a contract with defendant by the terms of which he agreed to pay one-third of the cost of laying a main water pipe-line between certain named streets in consideration of defendant's promise to allow plaintiff to attach a private fire pipe-line to the said main line, where the main line passed near his property, and

at his private expense lay such private line to his property for the protection of plaintiff's property from fire. It is alleged that the main water pipe-line was constructed; that plaintiff paid one-third part of the cost of construction of such line; that plaintiff tapped the main line and connected therewith a pipe of sufficient size and length to reach his property at the desired point, all in pursuance to the terms of the said contract; and that plaintiff equipped the said private fire line with fixtures and hose, so that by its use with water pressure fires upon plaintiff's premises could be readily extinguished.

The cause of action is asserted to have arisen from the act of the defendant secretly and without the knowledge of plaintiff cutting the water out of plaintiff's private fire pipe-line, by means of a cut-off valve. The water is alleged to have been shut off by defendant on about the eighth day of June, 1913, and on the twenty-seventh day of June, 1913, while the water was so shut off, a fire started on plaintiff's premises, without plaintiff's fault or knowledge, and was discovered before any damage was done, but, relying upon the private fire pipe-line to furnish water to extinguish the fire, plaintiff failed to get water therefrom, because defendant had shut it off, and therefore the property was destroyed to plaintiff's damage. Defendant denied making the contract referred to in the complaint; denied the authority under its corporate existence to make a valid binding contract of the purport alleged; denied that any officer of the corporation or other corporate agent had authority to enter into such contract with plaintiff. Defendant alleges that water was shut off with plaintiff's knowledge; alleges that defendant shut the water off on the fifth day of June, 1913, on account of the leaky condition of said private water line, and after plaintiff had been notified of defendant's intention to shut off the water from the line. The defendant further alleged that plaintiff had received from an insurance company the sum of $1,000, paid plaintiff on account of his said loss pursuant to a contract of insurance.

Thereby the complaint bases the right to recover upon defendant's failure to furnish water through plaintiff's private fire pipe-line at a time when required to extinguish a fire, in disregard of defendant's duty owing to plaintiff, arising

from its contract.    To justify a recovery, plaintiff must establish from a preponderance of the evidence that defendant, for a consideration, assumed the duty to supply water through the connection with the fire line at any time when needed to extinguish fires on plaintiff's property, or to furnish the necessary water in some other manner substantially as available to plaintiff for the intended purpose, and that defendant failed to perform that duty as promised, from which failure plaintiff's loss proximately resulted.

The answer amounts to a denial that defendant owed plaintiff the duty to furnish the water as alleged.    Defendant admits that through its act the water was not furnished through the private pipe-line, and excuses the failure: First, because it was owing no duty to furnish the water because it had not contracted to do so; second, because the private pipe-line was in a leaky condition, and plaintiff was informed of its intention to shut off the water on that account; third, because plaintiff had his property insured and collected the insurance.

The first-mentioned ground is a good defense to the action, if sustained.    The second defense is also good, where, as here alleged, the plaintiff had the duty to maintain his private pipe-line in good repair so as to save the water from waste. Defendant, in protection of its property in the water, could refuse to continue to perform its contract of furnishing the water while the line would waste the water, and until the line was repaired by plaintiff, and the loss incurred while the line was out of repair would not fall upon defendant. The third defense is, at most, a partial defense, and under no circumstances could money paid on a policy of insurance for property destroyed by fire relieve defendant from the performance of its duty other than reduce the damages *pro tanto*.

With the issues defined, the burden was upon the plaintiff to establish the duty of defendant to furnish water to the private pipe-line and its failure to do so.    In the absence of such duty, defendant could not become liable, and plaintiff makes no attempt to fix liability otherwise.

The cause was tried to a jury, and the jury returned a verdict for the plaintiff in the sum of $5,000.    A motion for a new trial having been refused, judgment was rendered for

the plaintiff on the verdict. From the order refusing a new trial and from the judgment, defendant appeals.

The appellant assigns as error the overruling of its demurrer to the complaint for the reason the facts stated in the complaint are insufficient to state a cause of action; that the court erroneously admitted evidence over appellant's objection; that the court erred in rejecting evidence; that the court erred in giving certain instructions and in refusing to give certain instructions requested, and in overruling defendant's motion for a new trial. The order overruling the demurrer is not seriously urged, and we think the order was without error.

The principal error relied upon for reversal is the refusal of the court to give the following requested instruction: "The court instructs the jury to find for the defendant."

This is alleged to be error for the reason: "That there was no evidence introduced on the trial . . . showing any liability upon the part of appellant for the loss on account of the said fire. There was no evidence introduced to show any agreement between appellant and appellee, whereby appellant became an insurer of appellee's property against fire under any condition, or that it was ever contemplated that appellant should become or be an insurer of appellee's property against fire under any circumstances or conditions. There was no evidence . . . from which the jury could find that appellee's property could have been saved if the water had not been shut off from appellee's private fire line. There was no evidence . . . from which the jury could find that appellee was entitled to receive fire protection from appellant through the said private water line at the time of the said fire."

This assignment, with the reasons given, assumes that a liability for the loss by fire must arise from a contract of insurance, express or implied, and in no other way. Appellant cites a number of cases to the question of the liability of water companies furnishing water for fighting fires in towns and cities under contracts with the municipal authorities when by some negligence the company has failed to furnish the water or failed to furnish sufficient water as contracted, and loss results to private persons from such failure, and the water company has been sued by the private loser to recover the

loss.   In such cases the courts have, with few exceptions, held that the water company is not liable for the loss, though negligent, and the loss occurred primarily from negligence.   Such contracts are made by the municipal authorities and the water company for the benefit of the inhabitants, and damages to property, unless by express agreement, are not deemed to be within the contemplation of the parties when the contract is made.   See, for illustration, *German-Alliance Ins. Co.* v. *Home Water Supply Co.*, 226 U. S. 220, 42 L. R. A. (N. S.) 1000, 57 L. Ed. 195, 33 Sup. Ct. Rep. 32.

Such is not this case.   Here it is alleged that the contract was made between the water company and the party suffering the loss.   The party who suffered the loss is alleged to be one of the contracting parties, and he alleges that he paid a consideration to the other party to the contract for the promise to furnish him the necessary water, and alleges that that agreement has been breached by the other contracting party, and plaintiff has suffered a loss therefrom.   Here the question is: Did plaintiff and defendant enter into such contract as set forth, and, if so, did defendant fail to substantially perform its part of the agreement, from which failure a loss resulted.   If the contract was made so as to become binding, and if the defendant has failed to substantially perform as promised, and plaintiff suffered a loss from such failure, he is entitled to recover, not because defendant was an insurer and liable as such, but because defendant is guilty of a breach of his contract.   Upon no other theory under the pleadings can plaintiff recover.

Whether the contract was as a fact made and what were its terms are questions of fact for the jury's determination from a preponderance of the evidence.   The appellant admits there is evidence that plaintiff conferred with the manager of defendant company, and agreed with him to pay one-third of the cost of a company main water line from one street to another in consideration that he be allowed a private fire line connected with such main, and that plaintiff did pay $21.49 as one-third of the cost of said main line pursuant to the agreement.   It is conceded that defendant possessed corporate power to make contracts to furnish water for all purposes.   It is clear that this evidence is in its nature substan-

tial evidence of the contract and of its terms, and the court could not direct a verdict for the defendant under the issues, such evidence being before the court, without committing error; consequently the instruction was properly refused.

Complaint is made because the court permitted the plaintiff to testify to the value of the property destroyed, expressly fixing the value of the property by reference to the sum paid for the property at the time he acquired it, and not fixing the value at the time of the loss. Such evidence is admissible as a circumstance which may properly be considered by the jury in connection with other circumstances tending to prove the value of the property at the time it was destroyed. Such evidence, however, is not sufficient, when taken alone, from which the jury may fix the value of the property when it was destroyed. The question at issue when establishing the *quantum* of loss resulting from a breach of contract, such as here involved, is the *quantum* of the actual loss to the plaintiff at the time of the breach; therefore the question for determination was the value of the property at the time of its loss. Evidence of the price paid for the property may or may not be evidence of its value, and certainly is not more than a circumstance tending to throw light upon the question. The elapse of time from the date of purchase to the date it is destroyed sheds light on the question in proportion to the period of time elapsing. Then the matter of price paid for property is a subject of contract, and has reference to the value of the property only as the parties may determine from their wishes, convenience or necessities, as the case may be. But value must be fixed without reference to contract, the wishes, convenience or necessities of contracting parties; hence the price paid may have but little or no bearing upon the question to determine the value of the property at a given time; yet it is a circumstance, and, as such, is admissible under proper limitations. No question is raised based upon a failure of the court to properly limit the consideration of this evidence by the jury to the questions to which it was applicable.

. The court instructed the jury as follows:

"You are instructed in making of your verdict in this case to entirely disregard any testimony or evidence concerning the fact that the plaintiff collected $1,000 or any other sum

from an insurance company, as this matter is a matter with which the defendant here has no concern, and your verdict will be made up without regard to that fact, and as if it were not in evidence.''

The giving of this instruction is assigned as error. All parties concede that plaintiff received $1,000 from an insurance company in payment of a policy on property destroyed. The cause of action is the breach of a contract. The damages arising from such breach are measured by the same standard as measures the damages of the breach of any contract, when the terms of the contract fail to furnish the rule of measurement.

''The general rule as to the measure of damages in case of a breach of contract, when there is no bad faith or fraud in evidence, is the amount of damages which naturally result or flow from the breach complained of, and must be such as the parties contemplated as a probable consequence of a breach, and which was capable of being reasonably ascertained. In other words, the measure of damages is the damage which actually results from the breach, and which will compensate the party for the injury sustained, together with the expense or cost to which he may have been subjected as a consequence of the breach. In such actions the question is not what the plaintiff paid because of the breach, but the value of that for which he paid.''     13 Cyc. 156.

Here the plaintiff paid for the water sufficient, if reasonably and seasonably applied, to extinguish all fires accidentally threatening his buildings and property under protection, depending upon the circumstances of its use, manner and time of use, and other circumstances. In determining the amount of the damages from loss by fire occasioned from a breach of such contract, the difficulty does not lie in finding the rule of law measuring the damages, but the difficulty lies in the application of the numerous facts and circumstances to the rule. A party to such contract may or may not be guilty of its breach by shutting off the water from the private fire line, depending upon whether the purposes of the contract were met in some other substantial manner. Whether plaintiff was free from fault, and many other facts and circumstances that may be mentioned, would be in a proper case

subjects for consideration under proper pleading. They are not raised here.

Without any doubt the reasonable protection of plaintiff's property from fires was the purpose of the contract, and such purpose was in contemplation at the time it was made. The value of the protected property at the time of its loss was easily determined, or seems easy of determination. After the fire the value of the property not destroyed would seem capable of determination. The difference between the value of the whole of plaintiff's property before the fire and the property remaining after the fire, is the amount of the property actually destroyed by the fire. From such sum should be deducted the value of property destroyed, but not belonging in any part to plaintiff, property destroyed belonging to plaintiff and not protected by the contract, if any, and the balance remaining would be the loss for which the defendant would be liable, if the loss occurred from the shutting off of the water from the private fire line as the proximate cause.

The amount of insurance recovered is, in effect, a replacing by the insurance company of the property to the actual value of the net sum recovered. Such property so insured was not under the protection of the contract with defendant, because that property so covered by insurance to the value recovered was not a loss to plaintiff, and therefore, as he has received compensation for such property, he cannot recover its value from defendant; otherwise he could recover double compensation, which the law does not permit in such cases.

The plaintiff's right to damages for a breach of a contract extends only to a recovery of such damages as will actually compensate him for the loss sustained. No further liability of the defendant is deemed to be in the contemplation of the parties than actual compensation for the loss proximately flowing from the defendant's failure of duty. The instruction, as given, repudiates wholly this just rule of compensation, and adopts the rule of a double recovery. The instruction was error under this record, for which the judgment must be reversed.

We have examined other questions raised by other assignments, but, as a decision of such questions could have no effect upon this judgment, a discussion becomes unnecessary here,

and we presume all errors, if any, will. be avoided on a new trial.

Reversed and remanded.

ROSS, C. J., and FRANKLIN, J., concur.

On the duty of municipality or water company under its contract with consumer to supply water for extinguishment of fires, see notes in 36 L. R. A. (N. S.) 1045; 52 L. R. A. (N. S.) 402.