[Civil No. 4035. Filed January 30, 1939.]
[86 Pac. (2d) 946.]

DALTON H. COLE and O. H. MAUD, a Co-Partnership Doing Business as COLE & MAUD, Appellants, v. ARIZONA EDISON COMPANY, INC., a Corporation, Appellee.

Mr. Renz L. Jennings and Mr. Elmer Graham, for Appellants.

Messrs. Rawlins & Rawlins, for Appellee.

LOCKWOOD, J.—This is an action against the defendant for damages plaintiffs claim by reason of the defendant's negligence in failing to have sufficient pressure in its mains and hydrants to extinguish a fire that destroyed their property in the incorporated town of Florence, Arizona. Defendant's general demurrer to the complaint was sustained and, plaintiffs not electing to amend, the case was dismissed. The question presented on this appeal is whether a cause of action was stated.

It is alleged that the defendant is a public service corporation, selling water for hire and profit

"including the sale of water to the town of Florence among other things for the extinguishment of fires in

the prevention of the destruction of property and the protection of the public within said town limits against destruction of property by fire . . . ;''

that the town of Florence was equipped with a fire department; that there was a water hydrant about one hundred yards from the scene of the fire; that the fire hose was laid and attached to the hydrant; that the defendant water company had failed to have sufficient pressure available in its water mains and hydrants to extinguish the fire, and on account of such failure plaintiffs' place of business was destroyed; that defendant had permitted its water lines or mains, used for fire extinguishment, to clog up with weeds, vegetation or other foreign substances so as to check the free run of the water, and had failed to keep sufficient pressure for extinguishing the fire; and

''that defendant is the successor in interest of the Peoples Arizona Gas and Electric Corporation, a corporation, which was on the 6th day of March, A. D. 1928 voted a franchise by a majority of the qualified electors voting at an election in said town of Florence . . . for the purpose of operating a water works plant . . . within the corporate limits or for use within the corporate limits of said town, for profit, in the sale and distribution of water . . . for domestic use of the citizens of said town and/or for public and domestic purposes, including water necessary for 'extinguishment of fires' within said town limits of said incorporated town.''

The demurrer admits everything well pleaded in the complaint to be true. Construing the complaint liberally, it is, therefore, admitted that defendant is a public service corporation; that it was operating the water works of the town of Florence under a franchise from the town that required it to furnish to the citizens of the town domestic water and to the town water necessary to the ''extinguishment of fires'' within the town's boundaries; that in the instant case

the defendant was not able to furnish the water to the town by reason of insufficient pressure in the mains caused by defendant's negligence in permitting weeds or other foreign substances to accumulate in the mains and check the free run of water; and that plaintiffs' property was within the town and was destroyed for lack of sufficient pressure to force water on to plaintiffs' property.

If there be any liability on the part of the defendant company, it must have arisen from one of three things, (a) a breach of its corporate franchise, (b) a tort, or (c) a violation of a statutory duty. We will consider these three possible sources of liability in their order.

We have stated in *Smith* v. *Normart*, 51 Ariz. 134, 143, 75 Pac. (2d) 38, 42, 114 A. L. R. 1456:

"We have heretofore announced that we would follow the Restatement of the Law where we are not bound by the previous decisions of this court or by legislative enactment, feeling that by so doing uniformity of decision would be more nearly effected. . . . ''

On examining the Restatement of the Law of Contract, we find the following:

"Par. 145. Beneficiaries under Promise to the United States, a State, or a Municipality.

"A promisor bound to the United States or to a State or municipality by contract to do an act or render a service to some or all of the members of the public, is subject to no duty under the contract to such members to give compensation for the injurious consequences of performing or attempting to perform it, or of failing to do so, unless,

"(a) an intention is manifested in the contract, as interpreted in the light of the circumstances surrounding its formation, that the promisor shall compensate members of the public for such injurious consequences, or

"(b) the promisor's contract is with a municipality to render services the nonperformance of which would subject the municipality to a duty to pay damages to those injured thereby."

. . . . . . . . . . .

"2. B, a water company, contracts with A, a municipality, to maintain a certain pressure of water at the hydrants on the streets of the municipality. A owes no duty to the public to maintain that pressure. The house of C, an inhabitant of the municipality, is destroyed by fire, owing to B's failure to maintain the agreed pressure. B is under no contractual duty to C."

We think the illustration given is on all fours with the present case, and that it is unnecessary for us to say more on the question of whether a recovery can be had on the basis of a breach of the franchise.

■ The next question is whether an action in tort will lie. The complaint alleges that it was the negligent conduct of the defendant in failing to keep its water mains free of weeds and other foreign substance, which caused the failure of pressure. The law has been very elaborately discussed by the circuit court of appeals of the fourth circuit, in the case of *German Alliance Ins. Co.* v. *Home Water Supply Co.,* 174 Fed. 764, 99 C. C. A. 258, 42 L. R. A. (N. S.) 1005. The issue involved in that case was the same as in the present one, the liability of a water company for failure to maintain a proper pressure in its mains, as a result of which a fire destroyed property belonging to citizens of the municipality which had granted the franchise. The court, after having reached the conclusion set forth in the Restatement, *supra,* that under the circumstances there was no right of action *ex contractu,* discussed the question of liability *ex delicto,* and stated (p. 766):

"Can a right of action be maintained on the theory that this is an action in tort? Having reached the

conclusion that the property owner has no right of action *ex contractu,* it would seem to follow that no liability in tort can exist, because the assumed duty arises only from a contract by which the plaintiff is not given any right of action. . . .

"It can only tend to clearness of thought to lay out of consideration at the outset that large class of cases in tort in which there is a direct contractual relation between the plaintiff and the defendant; such as the liability in tort of a common carrier to its passenger. . . .

"It will also tend to clearness to lay aside those cases in which liability in tort arises from a violation of statute or lawful ordinance by the defendant. . . .

"Can it be said that the defendant here has entered upon the performance of a public duty? If so, there is a liability in tort to the property owner specially injured by neglect in the performance of such duty. [Digesting cases.]

"In the cases above mentioned there are features which distinguish them from the case at bar. . . . The duty is created by law; existed before the contract was made; and indictment lies for failure to perform it; and the public is the direct, and the state the indirect, beneficiary. In the case at bar the duty, if it exists, did not exist until the contract was made; the contract also furnishes the measure of the duty; no indictment lies for failure to comply with the contract; and the city is the direct beneficiary, while the property owner is only indirectly and incidentally benefited. We have said that the contract alone creates the duty, if it exists. This is true because it is universally conceded that the city owes no duty to its property owners to establish waterworks, and, if the city does establish such works, it is not liable to its property owners for neglect in operation. [Citing cases.] We have said that the contract alone furnishes the measure of duty, if it exists. In a case such as we have here it would be clearly erroneous to say that the duty is to lay reasonably large mains, to install hydrants at reasonable intervals, and to maintain a reasonable, or a reasonably adequate, pressure. Such requirements may exceed the requirements of the contract. Conse-

quently, if a duty to the property owner exists, it is a duty to use care to perform the contract. No indictment lies for failure to perform the contract because such breach of contract is neither a crime nor a misdemeanor.

"The remaining distinction is obvious without elaboration. In a contract to perform a true public duty the citizen is benefited directly. In the case at bar the property owners are indirectly benefited, and only then in the event that the city properly utilizes the water supplied by the water company.

"It would seem therefore that we could not consider the defendant here as having entered upon the performance of a public duty, even if the contract itself did not negative such hypothesis.

. . . . . . . . . . . . .

"The very fact that the duty, if it exists, originates in, and is only to be measured by, the contract, forbids the conclusion that the duty arises in behalf of any one not in sufficient privity with the contractor to maintain an action *ex contractu*. In other words, the want of privity which denies to the plaintiff a right of action *ex contractu* forbids a finding that a duty to the plaintiff is created by the contract."

And it was held there was no liability *ex delicto*. This case was affirmed by the Supreme Court of the United States in 226 U. S. 220, 33 Sup. Ct. 32, 57 L. Ed. 195, 42 L. R. A. (N. S.) 1000, and has generally been cited as the leading case by most of the states which have had similar questions arising since its decision.

In the case of *Moch Co.* v. *Rensselaer Water Co.*, 247 N. Y. 160, 159 N. E. 896, 62 A. L. R. 1199, in an opinion written by Chief Justice CARDOZO, a factual situation almost identical in principle with the one in the present case arose. The court reviewed the decision elaborately, and held that under such circumstances the water company was not liable either in contract or in tort. It is unnecessary for us to discuss further authorities on these two points. So far

as we can ascertain, practically the only states adopting a contrary rule are Florida, Kentucky and North Carolina. It is true that in *Guardian Trust & Deposit Co.* v. *Fisher,* 200 U. S. 57, 26 Sup. Ct. 186, 50 L. Ed. 367, the Supreme Court of the United States held that an action in tort, similar to that involved in the present case, could be maintained, but the case arose in the state of North Carolina, and the court apparently took the view that it was bound by the decisions of that state. In the later case of *German Alliance Ins. Co.* v. *Home Water Supply Co., supra,* the Fisher case was referred to and held not in point on the general question. And in *Warren Co.* v. *Hanson,* 17 Ariz. 252, 150 Pac. 238, although the precise issue before the court was different from that of the present case, we impliedly approved the rule laid down in *German Alliance Ins. Co.* v. *Home Water Supply Co., supra.*

The third and last possible ground for liability is that of a duty imposed by statute. In this behalf, plaintiffs rely upon sections 674 and 725, Revised Code 1928, which read, respectively, so far as material, as follows:

" . . . Every public service corporation shall furnish and maintain such service, equipment and facilities as shall promote the safety, health, comfort and convenience of its patrons, employees and the public, and as shall be in all respects adequate, efficient, and reasonable. . . ."

" . . . If any public service corporation shall do, or permit to be done, any thing forbidden or declared to be unlawful, or shall omit to do any thing required to be done, either by the constitution, laws or orders of the commission, such corporation shall be liable to the persons affected thereby for all loss, damages or injury caused thereby or resulting therefrom, and if the court shall find that the act or omission was wilful, the court may also award exemplary damages. . . ."

It is urged that these sections impose upon defendant a special statutory duty to maintain a pressure in its water mains sufficient to protect the individual citizens of the town of Florence against fire. The defendant contends, on the other hand, that these statutes are merely a restatement of the common law and create no new liability other than that created by the common law.

A similar contention was before the Supreme Court of Indiana, in the case of *Trustees of Jennie De Pauw Memorial M. E. Church* v. *New Albany Waterworks*, 193 Ind. 368, 140 N. E. 540, 27 A. L. R. 1274. In that state the following statutes existed:

"Every public utility is required to furnish reasonably adequate service and facilities." Burns' Ann. Ind. Stat. Rev. 1914, vol. 4, p. 871, § 10052g; and Burns' Ind. Stat. Ann. 1933, § 54–201 (12678) p. 340, vol. 10.

"If any public utility shall do, or cause to be done or permit to be done, any matter, act or thing in this act prohibited or declared to be unlawful, or shall omit to do any act, matter or thing required to be done by this act, such public utility shall be liable to the person, firm or corporation injured thereby in the amount of damages sustained in consequence of such violation: . . . " Burns' Ann. Ind. Stat. Rev. 1914, vol. 4, p. 891, par. 10052m4, and Burns' Ind. Stat. Ann. 1933, § 54–706 (12789), p. 400, vol. 10.

██ It was contended that under these statutes the defendant company was liable for the destruction of the plaintiff's property by fire because it failed to keep its water system in proper repair. The court held that the statutes were merely declarative and in affirmance of the common law upon the subject and did not enlarge it, and conferred no rights upon citizens which they did not already have by reason of the common law. The same principle was upheld in *Moch Co.* v. *Rensselaer Water Co., supra,* and *Krom* v. *Antigo Gas Co.,* 154 Wis. 528, 140 N. W. 41, 143

N. W..163, and we know of no cases involving similar statutes holding to the contrary. It is obvious that the substance of our statutes is the same as those of Indiana. We think the rule stated by these courts is the correct one, and that our statutes above quoted merely reaffirm and reiterate the common law liability of a public service corporation. It is, of course, true that if a statute is enacted for the benefit and pro-. tection of a certain class, a member of the class protected has *ipso facto* a right of action against a defendant for a duty enjoined by law, but our attention has not been called to any cases setting forth this rule where a factual situation at all analogous to that of the present case existed.

The rule in regard to the liability of public utility corporations under the common law above stated, under circumstances similar to that of the present case, is so overwhelmingly sustained by the cases decided long before the adoption of sections 674 and 725, *supra*, by our legislature, that we think if the legislature had desired to make so momentous a change in the law as to adopt the rule contended for by plaintiffs, it would have done so explicitly. We, therefore, hold that no right of action existed against the defendant and in favor of the plaintiffs, either in contract or in tort, under the common law or by virtue of any statutory enactment, and that the superior court correctly sustained the demurrer and dismissed the action.

The judgment is affirmed.

ROSS, C. J., and McALISTER, J., concur.