## J. J. NEWBERRY CO. v. CRANDALL et ux.

### No. 11966.

United States Court of Appeals
Ninth Circuit.

Dec. 13, 1948.

which she entered. As she attempted to pass through the doorway her foot struck an obstruction which caused her to fall forward through the doorway onto the sidewalk, resulting in her suffering a broken hip.

The doorway through which Mrs. Crandall fell had a crown type of threshold, curved so that the middle was elevated ⅝ of an inch above the floor, and the inner and outer edges were about ⅛ of an inch above the floor. It consisted of three metal sections joined together at their ends so as to compose a strip as long as the width of the doorway and 6¾ inches wide. The junctures of the three sections were not flush, but fitted unevenly, forming ledges which ran across the threshold. At the points of connection of the sections there were three irregularly shaped pieces that had been chipped out of the metal, leaving holes ranging from 1½ inches to 2⅜ inches in size. The chipped out places were present for some time prior to the accident.

Appellees charge appellant with negligence in permitting the defective threshold to exist and that this defect was the cause of Mrs. Crandall's injuries.

It is appellant's contention, (1) that the alleged defects are so slight as to fail to amount to negligence as a matter of law; (2) that since the condition of the threshold was obvious to all customers, appellant had no duty to furnish further warning or make repairs; (3) that there is insufficient evidence to support the finding that the alleged defects were the legal cause of appellee's injuries.

Gust, Rosenfeld, Divelbess, Robinette & Linton and H. L. Divelbess, all of Phoenix, Ariz., for appellant.

Brown & Langerman, of Phoenix, Ariz., for appellee.

Before HEALY, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellant conducts a general store in Phoenix, Arizona. Appellee, Mrs. Crandall, making her first visit thereto, entered the store for the purpose of making a purchase. She walked approximately the length of the room in which the store was situate and attempted to leave through a doorway at a distance from that through

The presence of negligence in a given factual situation is normally, of course, a determination to be made by the jury. However, some courts have undertaken to fix, as a matter of law, the dividing line to a fraction of an inch between obstructions or defects in sidewalks, steps, passageways, etc., which constitute negligence and those which do not. In Massachusetts an obstruction of 3/16 of an inch has been held not to constitute negligence as a matter of law, while an obstruction of ½ inch may be found by the jury to be negligence. See, Jennings v. Tompkins, 180 Mass. 302, 62 N.E 265; Loudon v. Beaulieu,

277 Mass. 33, 177 N.E 806. This, however, is not the rule in Arizona. In Dillow v. City of Yuma, 55 Ariz. 6, 97 P.2d 535, the Arizona Supreme Court refused to accept the view of the Jennings and Loudon cases, supra, and held that the jury should always be given the question to decide so long as reasonable men might differ in their conclusions as to whether a particular defect constitutes negligence.

■ We find no error in the trial court's refusal to take from the jury the question of whether the chippings and uneven places in appellant's threshold amounted to an unreasonable risk. Appellant argues that the chunks chipped from the metal strips presented no hazard inasmuch as it was necessary for customer to step over the curved threshold to avoid tripping on it. That was a proper question to be determined by the trier of facts. We think reasonable men may well differ as to the safety of the condition of the threshold in question or the manner in which persons could or should pass over it.

There appear to be no Arizona cases directly in point concerning the degree of care owing to business visitors by a landowner in the maintenance of safe conditions upon his premises.[1] Arizona courts follow the Restatement of Law in the absence of case or statutory authority. Smith v. Normart, 51 Ariz. 134, 143, 75 P.2d 38, 42, 114 A.L.R. 1456; Cole v. Arizona Edison Co., 53 Ariz. 141, 144, 86 P.2d 946, 947. Section 343 of the Restatement of Torts states that a landowner is bound either to make repairs or give adequate warning for any defects on his land which he knows of, or by the exercise of reasonable care could discover, and has no reason to believe his business visitors will discover. In comment "d" of § 343 it is stated that the business guest is not required to be on the alert to discover defects that he should discover were he only a licensee. Comment "e": " * * * On the other hand, one entering a store * * * is entitled to expect that his host will make far greater preparations to secure the safety of his patrons than a householder will make for his social or even his business visitors. * * *".

■■ The testimony establishes that the defects in the threshold were of old origin at the time of the injury. It is likewise true that Mrs. Crandall had never been in appellant's store prior to the occasion in question. These and the other circumstances of this case, viewed in the light most favorable to appellees, adequately support the conclusion that Mrs. Crandall was under no duty as a business guest to discover the defects. It is not contended that she in fact observed the condition of the threshold, and the jury were justified in concluding from the evidence that appellant, in the exercise of reasonable care, should have been aware of the defective threshold.

■ Appellant argues that Mrs. Crandall's fall may well have resulted from one of several other causes than the defective threshold. It is suggested that her foot may have struck the edge of the door, some foreign substance on the floor, or the edge of the threshold itself. The contention is made that in such a situation the plaintiff cannot recover for the reason that there is not sufficient proof of legal causation. In support of this contention the case of Owl Drug Co. v Crandall, 52 Ariz. 322, 80 P.2d 952, 120 A.L.R. 1521, is cited. In the Owl Drug Company opinion the court indicated that where only one of many possible causes can be attributed to the defendant's negligence, the plaintiff must fail. The facts of the Owl Drug Company case, however, make it apparent that in that case there was no evidence to support a finding that the plaintiff's injuries were caused by the defendant's negligence. We construe the language used by the court to be employed merely to point out the absence of such evidence. This interpretation is supported by the well established rule in Arizona that causation may be proved by circumstantial evidence without the help of direct evidence. Town of Flagstaff v. Gomez, 23 Ariz. 184, 202 P. 401, 23 A.L.R. 661; Inspiration Consolidated Copper Co. v. Conwell, 21 Ariz. 480, 190 P. 88.

■ The circumstances of the fall which Mrs. Crandall suffered are sufficient to sustain the jury's finding that it was caused by

---

[1] Since this opinion was filed our attention has been directed to the case of Fox Tucson Theatres Corp. v. Lindsay, 47 Ariz. 388, 56 P.2d 183.

the defects in appellant's threshold. She testified she struck her foot and fell headlong, she did not slip or slide, and there is no evidence of the presence of any foreign substances near the doorway. This is not a case where Mrs. Crandall had actual knowledge of a dangerous condition, or had reason, because of her previous familiarity with the conditions or with the nature of the conditions to expect danger, as seems to have been the situation in cases cited by appellant in support of its contention that a storekeeper is not liable for a customer's injuries where the dangerous conditions alleged to have caused the injuries are as obvious to the customer as to the owner.