427 P.2d 335

Russell W. VEACH and Thelma L. Veach,
husband and wife, d. b. a. Ozark
Market, Appellants,

v.

CITY OF PHOENIX, a municipal corpora-
tion, G. H. Towne and Jane Doe Towne,
husband and wife, G. H. Towne, d. b. a.
Towne Electric Company, John Doe and
Jane Doe, and Arizona Public Service Com-
pany, an Arizona corporation, Appellees.

No. 7965.

Supreme Court of Arizona.

In Banc.

May 4, 1967.

Corbin & Cunningham, by Robert K. Corbin, Phoenix, for appellants.

Merle L. Hanson, City Atty., City of Phoenix, by Robert J. Backstein and James D. Lester, Phoenix, for appellees.

UDALL, Justice:

Plaintiffs seek recovery from the City of Phoenix and others (hereinafter referred to as defendants) for the sum of $66,826.56 as damages to plaintiffs' property caused by fire. Defendants filed a motion to dismiss plaintiffs' second amended complaint for failure to state a claim, which was granted and judgment was entered from which plaintiffs appeal.

In essence, the amended complaint alleged that on January 23, 1962, a fire broke out in plaintiffs' market and completely destroyed it. That part of the City of Phoenix's function as a municipal corporation is the "furnishing, supplying and distributing of water for the benefit of the (city's) inhabitants" but that defendant city "failed to distribute, supply and provide water for fighting fires at or near the location of said market;" and "That on said date when said fire broke out, there was no available supply of water with which to fight said fire, thereby causing and resulting in injury and damage to Plaintiffs." It was also alleged that previous to January 23, 1962, plaintiffs had requested of defendant that it "provide, install, maintain and supply a fire hydrant for the distribution and supplying of water at or near said location for fire protection purposes, but said Defendant negligently failed to do so."

The trial court, in ordering the dismissal of plaintiffs' complaint, found that defendant city was operating in a governmental capacity in furnishing water for the fighting of fires and that there was no duty on the part of defendant to supply water for fire protection. Plaintiffs contend the lower court erred in so holding.

There is no doubt that the trial judge ruled in accord with the general rule in the United States. 63 C.J.S. Municipal Corporations § 776(b); 38 Am.Jur. Municipal Corporations § 626; 18 McQuillin, Municipal Corporations, 3rd Ed., §§ 53.52, 53.53. However, the majority of cases from the various jurisdictions which hold that a city has no duty to provide such service base their holding upon the conclusion that the maintenance and operation of a municipal fire department is a governmental function and in the exercise of such function, the municipality is immune to liability. In recent years, though, there has been a growing dissatisfaction with the decisions upholding municipal immunity from tort liability. The dissatisfaction of this Court with the rule of governmental immunity and the distinction between governmental and proprietary functions culminated in the landmark case of Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107. We held therein that the doctrine of governmental immunity from tort liability was abolished and that the distinction between proprietary and governmental functions is no longer valid as a method of allocating municipal liability in this state.

This being so, whether defendant city is acting in a governmental capacity in providing water to extinguish fires is of no consequence in the disposition of this appeal. The sole question for decision is whether defendant has a legal duty to furnish water for fire protection purposes to the city's inhabitants.

The record shows that defendant owns the municipal water distribution system in the City of Phoenix; we have held that in operating a water system, a city is a public service corporation. Town of Wickenburg v. Town of Sabin, 68 Ariz. 75, 200 P.2d 342. It also appears to be the rule that a public service corporation is under a legal obligation to render adequate service impartially and without discrimination to all members of the general public to whom its scope of operation extends. See Town of Wickenburg v. Town of Sabin, supra; 4 McQuillin Municipal Corporations, 2d Ed., § 1829.

The Supreme Court of Wisconsin in City of Milwaukee v. Public Service Comm., 268 Wis. 116, 66 N.W.2d 716, held that once a city, through its water system, held itself out to serve water to the public in an area, it must furnish its service to all who reasonably require it.

In the instant case, plaintiffs alleged in the complaint that they had requested of defendant that it install a fire hydrant for the supplying of water at or near plaintiffs' property. Thus, it may be said that defendant had notice that plaintiffs required service. The basic question therefore, is whether defendant held itself out to serve in the general area within the City of Phoenix in which plaintiffs' property is located; if so, since defendant may not discriminate between members of the general public to whom its scope of operation extends, defendant would owe a legal duty to supply water for fire protection purposes to plaintiffs.

Defendant maintains that although it allegedly and admittedly served the area in question with water for domestic use, there is no allegation that the City of Phoenix did or attempted to serve any portion of the area with water for fire protection and this being so, plaintiffs' amended complaint was correctly dismissed. We do not agree.

It is the settled law of this state that if the complaint sets forth facts showing plaintiff is entitled to relief under any theory susceptible of proof, the trial court should not dismiss the complaint. The test to be applied in resolving the question of whether the complaint set forth facts showing plaintiff is entitled to relief under any theory susceptible of proof is whether, in the light most favorable to plaintiff and with every intendment regarded in her favor, the complaint was sufficient to constitute a valid claim. Fineg v. Pickrell, 81

Ariz. 313, 305 P.2d 455; Bates v. Bates, 1 Ariz.App. 165, 400 P.2d 593; 1 Fed.Prac. & Proc., Rules Ed., Sec. 356, by Barron & Holtzoff. We are of the opinion that when the amended complaint in the case at bar is read in the manner stated above it sufficiently sets forth a claim upon which relief may be granted and the trial court erred in dismissing it.

In order to avoid misunderstanding we want to make it clear that under the rule we have adopted a municipality has no absolute duty to provide water for fire protection purposes to its inhabitants. However, when a city assumes the responsibility of furnishing fire protection, then it has the duty of giving each person or property owner such reasonable protection as others within a similar area within the municipality are accorded under like circumstances. A municipality has discretion, governed by the extent of need and other economic considerations, to determine what is a reasonable protection for each area—but this discretion cannot be arbitrary, and must be fairly and reasonably exercised. Hence, in suits such as the instant one, a city is entitled to assert as a defense the reasonableness of its exercise of discretion.

It is impossible to delineate specific criteria by which a municipality should be guided in providing reasonable protection. When challenged in an action such as this, it is a question for the determination of the jury as to whether the municipality has acted reasonably in setting up an ordinance, regulation or the activities of its agents under the circumstances of the case in the light of the rule herein pronounced.

Reversed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.