530 P.2d 1132

**Mike T. LOPEZ and Angelita Lopez, his wife, Appellants,**

**v.**

**ARIZONA WATER COMPANY, INC., an Arizona Corporation, Appellee.**

**No. 2 CA–CIV 1713.**

Court of Appeals of Arizona, Division 2.

Jan. 29, 1975.

Donald C. Premeau, Globe, for appellants.

Leibsohn, Eaton, Gooding & Romley, P. C., by Lawrence Monbleau, Phoenix, for appellee.

## OPINION

KRUCKER, Judge.

Appellants, plaintiffs below, filed suit against appellee, defendant below, seeking to recover damages sustained by them as a result of a fire. Defendant Water Company moved for summary judgment of dismissal, which was granted, and this appeal followed.

The pertinent allegations of the plaintiffs' complaint are as follows. The defendant is a public utility corporation supplying water to the residents of the town of Miami. On February 15, 1974, a fire broke out in plaintiffs' residence in Miami, whereupon the fire department was summoned and immediately responded. Within 150 yards of the residence, two fire hydrants were located and when the fire department arrived at the residence the fire was contained in a small portion of a bathroom at the rear of the house. When a hose was hooked up to the closest fire hydrant, it was discovered that it did not have water nor water pressure, whereupon the firemen hooked up to the next fire hydrant, again encountering no water or water pressure.

The firemen then hooked up to a third hydrant approximately 300 yards from the plaintiffs' residence, but by this time the fire had demolished the residence and its contents.

It was also alleged that the defendant had neglected and failed to advise the fire department and the residents of the street where plaintiffs resided that there was no water or water pressure in the two fire hydrants and that the defendant had negligently cut off water and water pressure for an unreasonable length of time. Further, that the defendant owed a contractual duty to keep the fire hydrants in good working order and under constant water pressure at all times in order to insure sufficient water pressure to extinguish fires in the immediate vicinity of the two hydrants.

The defendant's motion for summary judgment was based upon the holding of the Arizona Supreme Court in Cole v. Arizona Edison Co., Inc., 53 Ariz. 141, 86 P. 2d 946 (1939). In *Cole* a factual situation almost identical with the one in the present case arose. The court held that under such circumstances a water company is not liable either in contract or in tort. The rule followed in a great majority of jurisdictions is that a private owner cannot maintain an action against a water company to recover damages for a loss by fire sustained because of a water company's failure to perform its contract with the municipality to furnish a supply of water for the extinguishment of fires where there is no direct contractual relationship between the private owner and the water company relative to the furnishing of water at sufficient pressure adequate for fire protection. *See*, 56 Am.Jur. Waterworks § 65; 94 C.J.S. Waters § 310b(1).

Plaintiffs' position, however, is that the *Cole* holding has been eroded or diluted by the more recent decision of the Arizona Supreme Court in Veach v. City of Phoenix, 102 Ariz. 195, 427 P.2d 335 (1967). In *Veach*, the court held that when a municipality assumes the responsibility of furnishing fire protection, it has the duty of giving each person or property owner such reasonable protections as others in a similar area within the municipality are accorded under like circumstances. (102 Ariz. at 197, 427 P.2d 335.)

The *Cole* decision immunized the defendant water company from liability *ex contractu* for the reason that the plaintiff was not a third-party beneficiary of the water company's contract with the municipality. The court relied on the Restatement of Contracts § 145, which provides:

"A promissor bound to the United States or to a State or municipality by contract to do an act or render a service to some or all of the members of the public, is subject to no duty under the

contract to such members to give compensation for the injurious consequences of performing or attempting to perform it, or of failing to do so, unless,

(A) an intention is manifested in the contract, as interpreted in the light of the circumstances surrounding its formation, that the promissor shall compensate members of the public for such injurious consequences, or

(B) the promissor's contract is with a municipality to render services the nonperformance of which would subject the municipality to pay damages to those injured thereby."

■ Since *Cole* was a pre-*Veach* decision, i. e., the municipality would not be subjected to liability for failure to provide reasonable fire protection, assuming it had undertaken to do so, we do not believe the *Cole* decision is controlling here. We agree with defendant that this court is bound by prior decisions of the highest court of this State. Robles v. Severyn, 19 Ariz.App. 61, 504 P.2d 1284 (1973). Our reading of *Veach*, supra, leads us to conclude that it impliedly overrules *Cole*, supra, under certain circumstances. In other words, if the town of Miami were liable to the plaintiffs under *Veach*, the plaintiffs may have a claim for relief against the water company under Section B of the Restatement of Contracts § 145, supra.

■ Construing the plaintiffs' pleading liberally, as is our duty, we are of the opinion that the complaint should not have been dismissed. The defendant, moving for summary judgment, had the burden of showing absence of a material factual issue and that it was entitled to judgment as a matter of law. Rule 56(c), Rules of Civil Procedure, 16 A.R.S. The record does not establish the municipality's immunity from liability as a matter of law and therefore summary judgment was improper.

Reversed and remanded for further proceedings not inconsistent herewith.

HOWARD, C. J., and HATHAWAY, J., concur.