566 P.2d 1352

**Charles E. HOLLAR and Georgia I. Hollar, husband and wife, Appellants,**

v.

**Edward H. WRIGHT, Jr., and Alvin H. Jahn, Appellees.**

**No. 1 CA–CIV 3379.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 19, 1977.

Wolfinger, Lutey & Preston, Ltd. by Ronald C. Ramsey, Cottonwood, for appellants.

Richard Walraven, Prescott, for appellee Jahn.

## OPINION

EUBANK, Judge.

The issue before us on appeal is whether a cross-claim filed in the trial court proceedings stated an independent claim which would prevent its dismissal with prejudice when the underlying claim was dismissed upon stipulation. The trial court held that the cross-claim did not state an independent cause of action. We disagree.

In the original proceedings, plaintiff Edward H. Wright, Jr., filed a complaint to foreclose on a realty and chattel mortgage.

The property adjoined U.S. Highway 89A in Cottonwood, Arizona, and included a business known as the Chatterbox Cafe, a lower level apartment, and parking frontage. The complaint alleged that the original makers of the note and mortgage, defendants Ira W. and Winnie L. Rogers, had conveyed the property in March 1970 to defendant Alvin Jahn, who subsequently conveyed to defendants Charles and Georgia Hollar on April 19, 1971. For relief the complaint asked for judgment against each of the defendants in the amount of $6,250.98 as balance due on the note and mortgage, for a receiver to be appointed to operate the cafe, that the mortgage be foreclosed with a special execution on the real and personal property of the cafe and any deficiency executed on the remaining property of the defendants.

Charles and Georgia Hollar (successors in interest and present occupants of the property) filed an answer and counter-claim alleging defective title to the property and breach of warranty of title. Simultaneously the Hollars filed a cross-claim against Alvin Jahn (their immediate grantor and a successor in interest to the original mortgagor). The cross-claim alleged breach of warranty of title, and material misrepresentations by Jahn, as an improvement to the cafe encroached some 8.25 feet on the state right-of-way to U.S. Highway 89A.

After answering, but before trial, a stipulation of dismissal (entered into between plaintiff Wright and defendants Hollar) was filed with the court and an order dismissing the complaint and counterclaim was issued. Defendant Jahn then moved for dismissal of the cross-claim of defendants Hollar against him, which was granted with prejudice. The Hollars appeal from a denial of a motion for a new trial on this question.

Appellees rely on the proposition that the prayer of the cross-complaint sought only indemnification for any possible liability of the Hollars to the original plaintiff Wright. They point out that the prayer for relief states:

3. That in the event plaintiff Wright secures a judgment against defendants Hollar, that the Court enter a judgment in favor of cross-claimants Hollar and against cross-defendants Rogers in the exact sum of the judgment in favor of said Wright;

4. That in the event that the Court enter judgment against defendants Hollar, that the Court enter a judgment in favor of cross-claimants Hollar and against cross-defendant Jahn in the exact same sum;

5. That in the event the Court enter a judgment in favor of plaintiff Wright against defendants Hollar, said Hollar prays that the Court enter a like judgment in their favor against insurer Transamerica Title Insurance Company, the Real Party in Interest herein; . .

and that those items only asked the court for indemnification. They argue that the stipulation dissolved any claim for indemnification and the claim for relief was properly dismissed with prejudice.

■ Cross-claims should be viewed with great liberality and construed in the interest of justice. There should be the complete determination of all matters in controversy between the parties which arise out of the subject matter of the original action. *Claypool v. Lightning Delivery Co.*, 38 Ariz. 262, 299 P. 126 (1931). As long as the cross-claim relates to the property that is the subject matter of the original action, it is properly before the court. 16 A.R.S., Rules of Civil Procedure, Rule 13(g) states:

13(g) *Cross-claim against co-party.* A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. The cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

■ Here the subject matter of the original action was the foreclosure of the note and mortgage on the real property; a defense to the action was the defective title of the same real property. Under the circumstances, it is certainly part of the same "transaction or occurrence" to file a cross-claim against a co-defendant for his breach of the warranty of title. Additionally, it relates "to any property that is the subject matter of the original action." Rule 13(g), *supra*.

Even assuming, *arguendo*, that the suit for defective title was not part of the same "transaction or occurrence" or property relating to the original action, Rule 21, Rules of Civil Procedure, 16 A.R.S. permits any claim against a party to be severed and proceeded with separately. If the Hollars were merely seeking indemnification from Jahn, they would not be prevented from asserting the claim. Upon filing of the claim, Jahn would have to assert any defenses available to him, including but not limited to, prior payment to the Hollars by Wright. In this case, Charles and Georgia Hollar are not merely seeking indemnification. Instead they are asserting a cause of action or claim for breach of warranty of title. In pertinent parts the cross-claim states:

VI

Jahn, Rogers and Wright, acting through Jahn, have failed to comply with and have breached the aforesaid warranties, covenants and representations of their Deed in that the cafe and improvements which were represented by Jahn to Hollar and by Wright and/or Rogers acting through Jahn, to Hollar, that said cafe and improvements were located and situated wholly upon the land to which all said previous parties immediately before Jahn possessed right, title and interest, and were in fact situated only partially upon said land, and in fact, a portion of the cafe and improvements were and are located and encroaching upon land in which the right, title and interest rests with the State of Arizona as aforesaid.

## VII

As a result of said failure to comply with and breaches of said warranties, covenants and representations, the Warranty Deed by Jahn to Hollar and by Wright and/or Rogers acting through Jahn to Hollar, is imperfect and the title to the Cottonwood property represented therein is clouded and is, in fact, neither good nor marketable title.

## VIII

On or about October 15, 1973, the State of Arizona filed a petition and Notice of Encroachment on Right of Way, attached as Exhibit "D" and by reference made a part hereof, thereby notifying Hollar that a portion of the cafe and the improvements were and are situated upon land which the State of Arizona possesses all right, title and interest and further notifying of the State's intent to remove or cause to be removed that portion of the cafe and improvements which are encroaching upon its land, and if said removal is not perfected by March 13, 1974, that the State of Arizona will accomplish same and assess the expense thereto.

## IX

That Hollar has fully performed all of their obligations under the Exchange Agreement and under the aforementioned documents executed pursuant therewith.

## X

That by the actions of crossdefendant Jahn, crossclaimant Hollars have been damaged in a sum in excess of the outstanding mortgage balances due herein.

■ Both parties have extensively discussed the effect of the prayer for relief which purports to seek indemnification only. Although we agree that the prayer requests indemnification only, it is not necessary to construe the prayer in determining whether there is a claim for relief. As we said in *McClanahan v. Cochise College*, 25 Ariz.App. 13, 540 P.2d 744 (1975), "[I]n considering the sufficiency of a complaint to state a claim for relief, the prayer is not part of the complaint." *Citizens' Committee, Recall of Jack Williams v. Marston*, 109 Ariz. 188, 507 P.2d 113 (1973). Under the test of construing pleadings liberally, we feel that the Hollars have stated a claim for which relief may be granted. *See Veach v. City of Phoenix*, 102 Ariz. 195, 427 P.2d 335 (1967). *Cf. Sierra Madre Development, Inc. v. Via Entrada Townhouses Ass'n*, 20 Ariz. App. 550, 514 P.2d 503 (1973).

■ We recognize under Rule 41(a) 2, Rules of Civil Procedure, 16 A.R.S., that when the motion for dismissal is based on a stipulation, the dismissal will be upon order of the court, within the court's discretion and upon such terms as the court deems proper. However, in this case, it is our opinion that the trial judge abused his discretion when he ordered the cross-claim to be dismissed with prejudice. *See* Wright & Miller, Federal Practice and Procedure: Civil § 2374. We can find no basis in the record for according the defendants such severe treatment as a dismissal with prejudice in light of the issue raised.

By our holding today, we do not mean to say that it is always improper to dismiss a cross-claim when the underlying action has been dismissed. In many cases the defendant may not want to pursue an action against the cross-defendant if he [the defendant] is no longer being sued by the plaintiff. But in a case such as this, where the defendant has a continuing claim for relief against another defendant, the action should have only been dismissed, if at all, without prejudice.

The order granting appellee Jahn's motion to dismiss with prejudice against Hollar is vacated and reversed. The cross-claim is hereby reinstated; the Hollars are granted leave to amend their prayer for relief; and this action is remanded for further proceedings not inconsistent with this opinion.

SCHROEDER, P. J., and FROEB, C. J., Division 1, concur.