704 P.2d 1365

John MARTIN, Jr., Plaintiff/Appellant,

v.

LAMAR, BAKER & COMPANY, Defendant/Appellee.

No. 2 CA–CIV 5378.

Court of Appeals of Arizona, Division 2, Department A.

July 16, 1985.

Frank E. Dickey, Jr., Phoenix, for plaintiff/appellant.

Howard & Glenn by Phillip W. Glenn, Casa Grande, for defendant/appellee.

## OPINION

HOWARD, Judge.

This is an appeal from the granting of a motion for summary judgment in favor of the defendant LaMar, Baker & Company (LaMar/Baker). Summary judgment should only be granted when there is no genuine dispute as to any material fact, if only one inference can be drawn, and if the moving party is entitled to judgment as a matter of law. *State ex rel. Corbin v. Sabel*, 138 Ariz. 253, 674 P.2d 316 (App. 1983). If there is the slightest doubt as to whether or not there is a dispute as to the material facts, summary judgment should not be granted. *Combs v. Lufkin*, 123 Ariz. 210, 598 P.2d 1029 (App.1979).

The record shows that plaintiff, John Martin, Jr., purchased a 1961 Ford truck tractor and rented it to City Transport, Inc. (City Transport). City Transport registered the vehicle in its name and used it for its business under a lease/rental agreement with the plaintiff. Thereafter, LaMar/Baker, a creditor of City Transport, levied on plaintiff's truck tractor and noticed it for sale. However, before the levy, City Transport signed over the title to the vehicle to the plaintiff. Plaintiff applied for and was granted a new title to the vehicle.

At the time of the levy, the sheriff's department was informed that City Transport did not own the truck tractor, but that it was owned by the plaintiff. Nevertheless, based on instructions from LaMar/Baker's attorney, the sheriff levied on the vehicle. The plaintiff sued, among others, LaMar/Baker, alleging wrongful execution and conversion.

On the morning of the scheduled sheriff's sale, the parties entered into a stipulation that the sale would proceed as scheduled, but the only interest being sold was that of City Transport. The sale was held and the interest of City Transport was sold. The vehicle, pursuant to the stipulation of the parties, is being held at a salvage yard pending the conclusion of a declaratory judgment or final judgment resolving the ownership interest of the plaintiff.

If City Transport had an interest which was subject to execution, there was no wrongful execution or conversion by LaMar/Baker. The court, in the declaratory judgment action, could decide that the plaintiff had no interest in the property and that the owner was City Transport. In such a case the plaintiff could not maintain an action for wrongful execution or conversion. Alternatively, the court could decide that the plaintiff owned the property and

**222**

that City Transport was a lessee (bailee). It could also decide that the lease was merely intended as security in which case the section of the Uniform Commercial Code dealing with secured transactions would apply. See A.R.S. § 47–9102 et seq. This brings us to the determinative issue in this case.

■ The general rule is that in the absence of any element of estoppel, bailed property in the possession of the bailee is not subject to attachment or levy under process against the bailee to satisfy the claims of his creditors. *Nassar v. Smith*, 21 Ill.App.3d 462, 315 N.E.2d 692 (1974); 8 Am.Jur.2d, Bailments, § 112 (1980). See also *Heryford v. Davis*, 12 Otto 235, 102 U.S. 235, 26 L.Ed. 160 (1880). However, it has been held that the interest of a bailee for a term is subject to execution if it is assignable without the consent of the bailor. *Hendon v. McCoy*, 222 Ala. 515, 133 So. 295 (1931). We agree with this proposition. Such an assignable interest may have some value. A judgment creditor may find it economically feasible to succeed to the bailee's interest in the property for his own use or reassign his newly acquired interest to another party. Suppose, for example, that plaintiff had agreed to lease his vehicle to City Transport for $300 per month for a five-year period, and that after the lease was entered into, persons leasing such vehicles were willing to pay $500 per month. LaMar/Baker, by buying City Transport's interest at the execution sale, could theoretically earn $200 per month.

■ The difficulty here is that we do not know the terms of the lease agreement between the plaintiff and City Transport. Since LaMar/Baker was the party moving for summary judgment, it had the burden of proving that it was entitled to judgment as a matter of law. *Lopez v. Arizona Water Company, Inc.*, 23 Ariz.App. 99, 530 P.2d 1132 (1975). It did not do so. A factual issue remains as to whether City Transport had an interest subject to execution and sale.

Appellee contends that the stipulation by the plaintiff, allowing the sale, eliminated any cause of action for wrongful execution and conversion. We do not agree. The plaintiff, by stipulating that any interest of City Transport in the property could be sold, did not agree that there was, in fact, an interest capable of sale.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

BIRDSALL, P.J., and FERNANDEZ, J., concur.