OPINION
JONES, Chief Justice.
Facts and Procedural History
¶ 1 This is a case of alleged wrongful termination. Defendants Rex and Ruth Mau-ghan own Maughan Ranches, a Yavapai County property, leased to the Maughan’s corporation, Aloe Vera of America, Inc. The employees, plaintiffs B.J. and Nancy Logan, owners of a separate parcel of real property, maintain they were discharged by Rex Mau-ghan for not selling their property to him at the price he demanded. On motion by the defendants, the trial court dismissed the Lo-gans’ wrongful discharge action for failure to state a claim under the Arizona Employment Protection Act (AEPA), Ariz.Rev.Stat. Ann. (A.R.S.) § 23-1501 (1995 and Supp.2001). The court of appeals affirmed in a memorandum decision. This court granted review and now vacates the decision of the court of appeals and reverses the dismissal by the trial court. We have jurisdiction based on article VI, § 5(3), of the Arizona Constitution.
¶ 2 When a motion to dismiss for failure to state a claim is granted, review on appeal necessarily assumes the truth of facts alleged in the complaint. Donnelly Constr. Co. v. Oberg/Hunt/Gilleland) 139 Ariz. 184, 186, 677 P.2d 1292, 1294 (1984); Parks v. Macro-Dynamics, Inc., 121 Ariz. 517, 519, 591 P.2d 1005, 1007 (App.1979) (“A Rule 12(b)(6) motion to dismiss for failure to state a claim, which assumes the complaint’s allegations are true, attacks the legal sufficiency of the complaint”) (citation omitted). The factual allegations are summarized below.
¶ 3 Rex Maughan hired B.J. Logan in 1994 to work as a cowboy. He also hired Nancy *193 Logan to work on an as-needed basis.[2] The Logans owned a parcel of property on State Route 89 in Peeples Valley, Yavapai County. Approximately June 19, 1996, the Planning and Zoning Board of Yavapai County granted the Logans a special use permit to develop part of their land as a “mini-storage” garage.
¶4 Rex Maughan is the sole or majority stockholder of Aloe Vera of America, Inc. In addition to the Aloe Vera business, Rex Mau-ghan invests in real property. Ronald Walker is a real estate agent who represents Rex Maughan. Approximately August 1, 1996, Walker met with the Logans to inform them that Maughan wanted to buy the Peeples Valley property.
¶5 The Logans initially stated that they were not interested in selling, but later agreed to entertain an offer. The parties were unable to come to terms regarding a sale or trade, though the Logans offered to sell the property to Maughan for $550,000. Approximately November 11, 1996, Walker informed the Logans that Maughan rejected this offer. During that conversation, Walker allegedly threatened the Logans that they would be fired if they did not agree to sell the property to Maughan for $150,000 and that Maughan would go to the Planning and Zoning Board to ensure that the Logans would never get a permit for any commercial use of their land.
¶ 6 Bud Maulé also worked for Maughan in a position superior to the Logans. Approximately November 27, 1996, Maulé met with the Logans and again asked them if they would sell their property to Maughan at the price Maughan demanded. When they declined, they were fired effective December 1, 1996. Maulé indicated that he was firing the Logans at Maughan’s direction because of their refusal to sell the Peeples Valley property to Maughan and that the Logans should have anticipated Maughan’s action. The issue in this case is whether the Logans now have a wrongful discharge claim against their former employer pursuant to the provisions of the AEPA.
Analysis
¶ 7 If the employees’ claim is cognizable under the statute, the trial court erred in granting dismissal. Motions to dismiss for failure to state a claim are not favored and should not be granted unless it appears that the plaintiff should be denied relief as a matter of law given the facts alleged.[3] State ex rel. Corbin v. Pickrell, 136 Ariz. 589, 594, 667 P.2d 1304, 1309 (1983) (citations omitted).
¶ 8 We begin our analysis with the statute. We review de novo the interpretation of a statute. Arizona Dep’t of Revenue v. Dougherty, 200 Ariz. 515, 517, 29 P.3d 862, 864 ¶ 7 (2001). When doing so, our foremost goal is to discern and give effect to legislative intent. Mail Boxes, Etc., U.S.A v. Industrial Comm’n, 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995).
¶ 9 The AEPA, which became law in 1996, allows, inter alia, wrongful discharge claims against employers who terminate employees in retaliation for “[t]he exercise of the right to be free from the extortion of fees or gratuities as a condition of employment as protected by § 23-202.” A.R.S. § 23-1501(3)(c)(viii). This language clearly was adopted to preserve an employee’s right not to be victimized by an employer’s extortion. Where an employee is terminated by an employer for refusal to accept extortionate demands by the employer, in violation of A.R.S. § 23-202, the employee has a wrongful termination cause of action under the AEPA.
A.R.S. § 23-202
1110 A.R.S. § 23-202 makes it a class 2 misdemeanor for employers or their agents to extort money or property from employees:
*194 It is unlawful for a person charged or entrusted by another with the employment or continuance in employment of any workmen or laborers to demand or receive, either directly or indirectly, from a workman or laborer employed or continued in employment through his agency or under his direction or control, a fee, commission or gratuity of any kind as the price or condition of the employment of the workman or laborer, or as the price or condition of his continuance in such employment.
Prior to this case, section 23-202 had never been interpreted by an appellate court.[4] In discerning legislative intent, we look to the statute’s policy, the evil it was designed to address, its words, context, subject matter, and effects and consequences. Calvert v. Farmers Ins. Co. of Arizona, 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985).
¶ 11 By its language, section 23-202 applies specifically to persons “charged ... with employment or continuance in employment of workmen or laborers____” The person “charged” may be a foreman or a person acting as an agent of the employer, or the person may be the employer himself. For purposes of the AEPA, section 23-202’s reference to agents of an employer is by no means exclusive and was not, in our judgment, intended to insulate from the reach of the AEPA employers who engage in extortionate conduct by sending their agents to extort on the employer’s behalf.
¶ 12 The protection given to employees to be free from extortion in the workplace under section 23-202 is one of the express purposes of the AEPA. Reading the two statutes together, a proper interpretation is that an employer who by his agent or by his own action terminates an employee for refusing to be the victim of workplace extortion is subject to a wrongful termination suit.
¶ 13 The statute is designed to prevent employers from exacting fees, gratuities, commissions, kickbacks, or other forms of remuneration from employees as a condition of continuing employment or as a condition to obtaining employment in the first instance. On this record, the Logans were victimized by the clear equivalent of a demand for gratuities. A demand for property at a price well below its potential worth is a demand for a gratuity. The Logans’ continued employment was expressly conditioned on it.
¶ 14 We note further that the language of section 23-202 does not indicate to whom the fee, commission, or gratuity is ultimately to be paid. It may be destined for a foreman or agent and be actually pocketed by him. Or, as in this case, it may be claimed by the employer. Because the statute does not specify who ultimately receives the ill-gotten gain, it encompasses either scenario.
¶ 15 For purposes of wrongful termination claims under the AEPA, it is not necessary that an actual violation of a statute occur. Wagenseller v. Scottsdale Mem. Hosp., 147 Ariz. 370, 380, 710 P.2d 1025, 1035 (1985). In Wagenseller, there was no statutory violation; rather, the employee alleged she was discharged for refusing to violate a statute.
¶ 16 The same is trae here. Accepting the facts stated in the complaint as true, the Logans refused to sell their land at less than a third of what they believed it was worth. For this, they were fired. Subsection (3)(c)(viii) of the AEPA focuses on the employer’s reasons for terminating the employee and permits a wrongful termination claim where the employer terminates the employee for rejecting an extortion attempt under section 23-202. Because we find that the Lo-gans’ claim exists under the statute as a matter of law and the motion to dismiss was *195 improperly granted,[5] we need not reach the question, raised by our associate in a separate concurring opinion, whether a common law cause of action of the kind asserted by the Logans may still be asserted independent of the AEPA.[6]
Conclusion
¶ 17 The Logans’ claim of wrongful termination exists under subsection (3)(c)(viii) of the AEPA and therefore the trial court erred in dismissing it. Accordingly, we vacate the decision of the court of appeals and reverse the judgment of the trial court. The case is remanded to the trial court with instructions to reinstate the Logans’ cause of action.
CONCURRING: RUTH V. McGREGOR, Vice Chief Justice, REBECCA WHITE BERCH, Justice, NANETTE WARNER, Judge *.

. The complaint does not specify the type of work she was hired to perform.

. Although the wrongful discharge claim does not specifically cite the AEPA or a statute embodying public policy, it will survive a motion to dismiss if the facts as alleged demonstrate that the Logans are entitled to relief under any provable theory. Veach v. City of Phoenix, 102 Ariz. 195, 197, 427 P.2d 335, 337 (1967); Mackey v. Spangler, 81 Ariz. 113, 115, 301 P.2d 1026, 1027 (1956).

. We are aware of the Attorney General’s opinion No. 188-010 dated January 15, 1988, in which that office opined that A.R.S. § 23-202 expressly applies to agents of the employer rather than the employer itself. 1988 WL 249593 (Ariz.A.G.). That inquiry involved the statute's application, if ' any, to employers requiring a minimal nonrefundable processing fee from applicants for employment. That is not the situation here. Furthermore, the Attorney General’s opinion does not constitute precedent regarding statutory construction. Opinions of the Attorney General are due our respect, but are advisory and not binding. Ruiz v. Hull, 191 Ariz. 441, 449, 957 P.2d 984, 992 (1998).

. We note also that the Logans may have a claim under subsection (3)(c)(i) of the AEPA (where the employer terminates the employee for a refusal to commit an act or omission that would violate the Constitution of Arizona or the statutes of this state) based on violations of A.R.S. §§ 23-202 or 13-1804(A)(8). Because we find that the facts of this case allow a claim to be maintained under subsection (3)(c)(viii), we need not address the possibility of a(3)(c)(i) claim.

. We note that the claim in Wagenseller would fit easily within the statutory framework of the AEPA under subsection (3)(c)(i). Wagenseller v. Scottsdale Mem. Hosp., 147 Ariz. 370, 710 P.2d 1025 (1985).