NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

NATHANIEL CHANDLER, II, *Plaintiff/Appellant*,

*v.*

RANCHO SANTA FE APARTMENTS, *Defendant/Appellee*.

No. 1 CA-CV 14-0097
FILED 2-12-2015

---

Appeal from the Superior Court in Maricopa County
No. CV2013-051757
The Honorable Thomas L. LeClaire, Judge

**AFFIRMED**

---

COUNSEL

Nathaniel Chandler, II, Glendale
*Plaintiff/Appellant*

Dodge & Vega, PLC, Mesa
By Angel "Bacho" Vega, Ryan M. Scott
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

---

**P O R T L E Y**, Judge:

**¶1** Nathaniel Chandler, II ("Chandler"), appeals the dismissal of his complaint against Rancho Santa Fe Apartments ("Rancho") for failing to state a claim upon which relief may be granted. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2** Chandler was employed by Rancho. After he was fired for refusing to take a drug test with an observer and given seventy-two hours to vacate his apartment, he filed a wrongful discharge lawsuit against Rancho in May 2013.

**¶3** Rancho filed a motion to dismiss the amended complaint.[1] After oral argument, the trial court dismissed Chandler's amended complaint with prejudice for failing to state a claim upon which relief could be granted pursuant to Arizona Rule of Civil Procedure ("Rule") 12(b)(6).

**¶4** Chandler timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101.[2]

---

[1] Chandler filed an amended complaint with attachments on May 24, 2013. The Rules of Civil Procedure allow him to file one amended complaint "as a matter of course." Ariz. R. Civ. P. 15(a)(1). After Rancho filed its motion to dismiss, Chandler filed another amended complaint in July 2013. He, however, did not ask or get leave of the court to again amend his complaint, nor did he get written consent of Rancho to amend the May amended complaint pursuant to Rule 15(a)(1)(B). Consequently, we only review the amended complaint of May 2013 that was served on Rancho.

[2] We cite to the current version of the statute unless otherwise noted.

## DISCUSSION

**¶5** Chandler's opening brief does not comply with Arizona Rule of Civil Appellate Procedure 13(a).[3] The brief does not state the proper standard of review and does not contain any relevant legal argument or citation to authority. *See* ARCAP 13(a)(6) (stating that the opening brief shall contain argument with "citations to the authorities, statutes and parts of the record relied on" and identify "the proper standard of review on appeal"). Chandler's failure to comply with the rules limits our ability to evaluate his arguments and address his claims. *See, e.g., In re U.S. Currency in Amount of $26,980.00*, 199 Ariz. 291, 299, ¶ 28, 18 P.3d 85, 93 (App. 2000) (refusing to consider bald assertions offered without elaboration or citation to legal authority); *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 93, ¶ 50, 977 P.2d 807, 815 (App. 1998) (rejecting assertions made without supporting argument or citation to authority).

**¶6** Although Chandler is not a lawyer, he is held to the same standards as a lawyer licensed to practice law in Arizona because he is acting as his own lawyer. *See, e.g., Old Pueblo Plastic Surgery, P.C. v. Fields*, 146 Ariz. 178, 179, 704 P.2d 819, 820 (App. 1985). Even though we could dismiss this appeal, we prefer to decide cases on the merits and will attempt to discern and address the substance of his argument. *See Clemens v. Clark*, 101 Ariz. 413, 414, 420 P.2d 284, 285 (1966).

**¶7** We review de novo a superior court's dismissal of a complaint. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012).[4] In reviewing Chandler's amended complaint to determine if it states a claim for relief that can be granted, we will assume the truth of all well-pled factual allegations and all reasonable inferences that can be determined from those facts. *Cullen v. Auto–Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7, 189 P.3d 344, 346 (2008). We will uphold the dismissal only if

---

[3] Chandler's opening brief, for example, argues that certain statements were made during the oral argument. Because he did not provide a copy of the transcript of the argument as part of the record, we cannot consider what may or may not have been said during the argument in resolving this appeal.

[4] Although Rancho asserts that our review is for an abuse of discretion pursuant to *Dressler v. Morrison*, 212 Ariz. 279, 280, ¶ 2, 130 P.3d 978, 979 (2006), in *Coleman,* our supreme court re-examined *Dressler* and clarified that the standard of review of a Rule 12(b) dismissal is de novo. 230 Ariz. at 355-56, ¶¶ 7-8, 284 P.3d at 866-67.

Chandler is not entitled to relief under any interpretation of the facts in his amended complaint. *See Coleman*, 230 Ariz. at 355, ¶ 7, 284 P.3d at 866.

**¶8**　　　　　Chandler claims that he was wrongfully discharged on May 8, 2012.[5]  Although the amended complaint does not specifically cite to any statute, we will review whether the amended complaint alleged a claim under the Arizona Employment Protection Act ("AEPA"), A.R.S. §§ 23-1501 to -1502.  *See Logan v. Forever Living Products Int'l, Inc.*, 203 Ariz. 193 n. 3, ¶ 7, 52 P.3d 760, 762 n. 3 (2002) (citations omitted).

**¶9**　　　　　In Arizona, the AEPA provides that employment relationships are presumptively at-will; meaning that "[t]he employment relationship is severable at the pleasure of either the employee or the employer unless both the employee and the employer have signed a written contract to the contrary. . . ."  A.R.S. § 23–1501(A)(2).  An at-will employee can challenge his termination if he alleges, and can demonstrate, one of the following three theories of liability:  (1) there was a written contract (signed by both the employer and employee, or expressly included in an employment handbook) stating the employment relationship was for a

---

[5] On appeal, Chandler also lists the following claims:

> Defendants Drug Testing Policy
> The right to request an Observed Drug Test
> Defendants Credibility
> Reporting False Information to (DES)
> Right to work State law
> Employment Contract
> Retaliatory Discharge
> General Employee Benefits
> Wages and Fringe Benefits
> Invasion of Privacy
> Whistleblowers Act
> Fraud
> Breach of Employee Contract
> Emotional Distress

Many of the claims were raised in the July 2013 amended complaint.  We will not address those claims because Chandler did not raise any of them in his complaint or May 2013 amended complaint and the trial court only addressed the wrongful discharge claim.  *See Nat'l Broker Assocs., Inc. v. Marlyn Nutraceuticals, Inc.*, 211 Ariz. 210, 216, 119 P.3d 477, 483 (App. 2005) ("We will not address issues raised for the first time on appeal.").

specified period of time or otherwise restricted the right of either party to terminate the employment relationship, and the termination was a breach of that contract; (2) the termination was in violation of an Arizona statute; or (3) the termination was in retaliation for the refusal to violate the Arizona Constitution or an Arizona statute. A.R.S. § 23–1501(A)(3).

**¶10** Here, and assuming the truth of Chandler's factual allegations in his May amended complaint, the amended complaint failed to state a claim as a matter of law because it did not allege any facts which would have entitled Chandler to relief under the AEPA. Chandler did not allege that his termination: (1) was in breach of a written contract or employment handbook provision that specified the length of employment; (2) violated an Arizona statute; (3) was the result of his refusal to violate the Arizona Constitution or any Arizona statute; or (4) violated his right as a public employee to continued employment under either the United States or Arizona Constitutions. Rather, the amended complaint with its attachments reveal that Chandler worked as an at-will employee for Rancho; he signed Rancho's drug and alcohol policy forms consenting to random drug testing and acknowledging that failing to test would result in immediate termination and eviction from the apartment provided as a term of his employment; he admits that he refused to take a random drug test as required under Rancho's drug and alcohol policy and his refusal amounts to a positive test; and Rancho, pursuant to its policy, terminated his employment and gave him notice that he was being evicted from his apartment.[6]

**¶11** Although the amended complaint states that Rancho's random drug testing policy was "bogus" and not applied to all of its employees (especially to the manager's son, who had allegedly been arrested and sent to prison on a drug offense), the testing policy was a condition of employment and Chandler's refusal to test according to the policy made him subject to termination. *See Weller v. Ariz. Dep't of Econ. Sec.*, 176 Ariz. 220, 223, 860 P.2d 487, 490 (App. 1993). And "an employer

---

[6] The May amended complaint also alleges that Chandler was injured on the job in September 2011 and he either did not get information about Rancho's insurance or did not qualify for AHCCCS, but also alleges that his worker's compensation claim was in the process of being settled. The amended complaint also alleges that Rancho battled him over unemployment benefits, but that he was able to demonstrate that he was an employee and began receiving unemployment benefits.

who terminates an at-will employee for failing a drug test ordinarily incurs no civil liability." *Id.*

¶12 Because Chandler did not allege any facts that would allow him to pursue any theory of liability against Rancho under the AEPA for wrongful discharge, the trial court correctly concluded that Chandler's amended complaint failed to state a claim upon which relief can be granted and dismissed it. Ariz. R. Civ. P. 12(b)(6).

**CONCLUSION**

¶13 For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama