NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

LINDA SCORZO, an individual; and KAREN SUZANN GRABE, an individual, *Plaintiffs/Appellants*,

*v.*

ARIZONA MEDICAL BOARD, STATE OF ARIZONA, an Arizona State Agency, *Defendant/Appellee*.

No. 1 CA-CV 15-0730
FILED 1-26-2017

---

Appeal from the Superior Court in Maricopa County
No. CV2014-054509
The Honorable John R. Hannah, Jr., Judge

**AFFIRMED**

---

COUNSEL

DKL Law, PLLC, Scottsdale
By David W. Lunn
*Counsel for Plaintiffs/Appellants*

Arizona Attorney General's Office, Phoenix
By Rachel M. Remes
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

_____

**W I N T H R O P**, Judge:

**¶1**          Linda Scorzo and Karen Suzann Grabe (collectively, "Appellants") appeal the trial court's order dismissing their first amended complaint against the State of Arizona ("the State"), based on the actions of the Arizona Medical Board ("the Board").[1]  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

**¶2**          The Board is a statutorily created entity charged with protecting the public "from unlawful, incompetent, unqualified, impaired or unprofessional practitioners of allopathic medicine through licensure, regulation and rehabilitation of the profession in this state."  Ariz. Rev. Stat. ("A.R.S.") § 32-1403(A) (Supp. 2016).[3]  Appellants were employed by the Board; when their employment ended, Scorzo was a licensing investigative coordinator and Grabe was a licensing office manager.  In late fall 2011, the Board implemented changes to certain procedures used to license medical doctors.  Appellants publicly questioned whether those changes violated Arizona law relative to the licensing process.  *See generally* A.R.S. §§ 32-

_____

[1]      The Board is a non-jural entity that can neither sue nor be sued. Consequently, Appellants brought suit against the State as the associated jural entity.

[2]      We assume the truth of, and indulge all reasonable inferences from, the well-pled factual allegations.  *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7, 189 P.3d 344, 346 (2008).

[3]      We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

1403(A) (Supp. 2016), -1403.01 (2016). Their employment was terminated shortly thereafter.[4]

¶3              In January 2012, Scorzo filed a complaint with the Arizona Ombudsman Citizens' Aide ("AZOCA"), alleging the Board's medical licensing procedures violated Arizona law. AZOCA issued its report in July 2012, essentially concluding the Board's procedures were lawful. Scorzo confirmed with AZOCA that its findings were complete and there were no issues with the Board's licensing practices; she also reached out to the Governor's office and was told by an advisor that the Board did not appear to be violating any licensing statutes or compromising patient safety. In October 2013, however, AZOCA issued a report in response to a separate inquiry; this time, AZOCA found some of the Board's licensing practices to be unlawful.

¶4              Appellants filed this suit in October 2014, alleging wrongful termination pursuant to the Arizona Employment Protection Act ("AEPA").[5]  See A.R.S. § 23-1501(A)(3)(c) (2016). The State moved to dismiss, arguing the claims were barred by the one-year statute of limitations. See A.R.S. § 12-821 (2016) (stating all actions against any public entity must be brought within one year after the cause of action accrues).[6] The trial court agreed and granted the motion. The court entered a final judgment, see Ariz. R. Civ. P. 54(c), and Appellants timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2016).

## ANALYSIS

¶5              A motion to dismiss may be granted if the plaintiff is not entitled to relief "under any facts susceptible of proof in the statement of the claim." *ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 289, ¶ 5, 246 P.3d 938, 940 (App. 2010) (quoting *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346, 922 P.2d 308, 311 (1996)); *see also* Ariz. R. Civ. P. 12(b)(6). We

---

[4]      Grabe was terminated on October 20, 2011, and Scorzo was terminated on November 2, 2011.

[5]      Grabe filed a notice of claim on November 19, 2013; on March 21, 2014, Scorzo filed a notice of claim and Grabe filed an amended notice of claim. *See* A.R.S. § 12-821.01 (2016).

[6]      *See also* A.R.S. § 12-541(4) (2016) (providing a claim seeking damages for wrongful termination must be brought within one year after the cause of action accrues).

review *de novo* a trial court's decision to dismiss a complaint. *Orca Commc'ns Unlimited, LLC v. Noder*, 236 Ariz. 180, 181, ¶ 6, 337 P.3d 545, 546 (2014). We review *de novo* the application of a statute of limitations, *Watkins v. Arpaio*, 239 Ariz. 168, 170, ¶ 7, 367 P.3d 72, 74 (App. 2016), including the question of accrual if it rests on a question of law rather than disputed facts. *Cook v. Town of Pinetop-Lakeside*, 232 Ariz. 173, 175, ¶ 10, 303 P.3d 67, 69 (App. 2013); *Montano v. Browning*, 202 Ariz. 544, 546, ¶ 4, 48 P.3d 494, 496 (App. 2002). We may affirm if the dismissal was correct for any reason. *Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 391, ¶ 10, 322 P.3d 204, 208 (App. 2014).

> I.      Accrual

**¶6**        An action against a public entity or public employee must be brought within one year after the cause of action accrues. A.R.S. § 12-821 (2016). Appellants argue that their claims did not accrue until October 2013 when they learned, by way of the AZOCA report, that the Board had engaged in wrongful conduct.

**¶7**        A cause of action against a public entity or employee accrues when the plaintiff "realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." A.R.S. § 12-821.01(B); *see also Dube v. Likins*, 216 Ariz. 406, 421-22, ¶¶ 2-4, 167 P.3d 93, 108-09 (App. 2007) (supp. op.) (applying the statutory standard in § 12-821.01(B) to § 12-821). Accrual is based on the plaintiff's knowledge of "the facts which give rise to the cause of action, not . . . the legal significance of such facts." *Ins. Co. of N. Am. v. Super. Ct.*, 162 Ariz. 499, 502, 784 P.2d 705, 708 (App. 1989), *vacated on other grounds*, 166 Ariz. 82, 800 P.2d 585 (1990). Although accrual is often a question of fact, *Doe v. Roe*, 191 Ariz. 313, 323, ¶ 32, 955 P.2d 951, 961 (1998), it may be determined as a matter of law when no genuine issue of material fact exists. *Thompson v. Pima Cty.*, 226 Ariz. 42, 46-47, ¶ 14, 243 P.3d 1024, 1028-29 (App. 2010).

**¶8**        We analyze the elements of the underlying claim to determine when a cause of action accrues. *Glaze v. Larsen*, 207 Ariz. 26, 29, ¶ 10, 83 P.3d 26, 29 (2004). The AEPA establishes specific categories of discharge that give rise to a claim for wrongful termination. *Harper v. State*, 1 CA-CV 15-0519, 2016 WL 7438534, at *1, ¶ 9 (Ariz. App. Dec. 27, 2016). As relevant here, the AEPA provides a discharged employee with a cause of action against her employer for terminating the employee if she (1) had a good faith, reasonable belief her employer violated or was violating state law and (2) disclosed her belief in a reasonable manner to someone she believed had the authority to investigate the alleged violation and take action to prevent

further violations.[7] *See* A.R.S. § 23–1501(A)(3)(c)(ii); *Galati v. Am. W. Airlines, Inc.*, 205 Ariz. 290, 292, ¶ 5, 69 P.3d 1011, 1013 (App. 2003). The employee need not prove a violation actually occurred, merely that she reasonably believed one did. *Logan v. Forever Living Prods. Int'l, Inc.*, 203 Ariz. 191, 194, ¶ 15, 52 P.3d 760, 763 (2002) (citing *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 380, 710 P.2d 1025, 1035 (1985)); *see also Murcott v. Best W. Int'l, Inc.*, 198 Ariz. 349, 357, ¶ 41, 9 P.3d 1088, 1096 (App. 2000) (citing *Wagner v. City of Globe*, 150 Ariz. 82, 722 P.2d 250 (1986) and *Wagenseller*).

**¶9**　　　　We conclude that Appellants' claims accrued when the Board terminated their employment in 2011. *See Breeser v. Menta Grp., Inc., NFP*, 934 F. Supp. 2d 1150, 1160 (D. Ariz. 2013) (granting summary judgment to defendants on an AEPA claim filed more than one year after the plaintiff's employment was terminated). At that time, Appellants had sufficient facts to establish that they reasonably believed the changes to the licensing process violated state law, they made their concerns known, and believed their "whistleblowing" motivated their termination. Appellants did not "discover" any new facts in October 2013, and they simply misapprehend the elements of the AEPA claim when they urge to the contrary.[8] *See Logan*, 203 Ariz. at 194, ¶¶ 15-16, 52 P.3d at 763 (discussing subsection (3)(c)(viii)); *Murcott*, 198 Ariz. at 357, ¶ 41, 9 P.3d at 1096. Verification of the employer's wrongdoing is not required for accrual of a claim under subsection (3)(c)(ii). *Cf. Walters v. Maricopa Cty.*, 195 Ariz. 476, 481, ¶¶ 24-26, 990 P.2d 677, 682 (App. 1999) (holding that an unclassified employee need not exhaust her administrative remedies under A.R.S. § 38-532 (2015) before maintaining an action for wrongful discharge under § 23-1501(3)(c)(ii)).

> II.　　　*Equitable Tolling*

**¶10**　　　　Appellants argue the trial court erred in failing to consider the doctrine of equitable tolling. Appellants, however, do not clearly develop

---

[7]　　Contrary to Appellants' suggestion, the well-pled factual allegations in the first amended complaint do not state a claim under § 23-1501(A)(3)(c)(i) (refusal by an employee to commit a wrongful act). *See* Ariz. R. Civ. P. 12(b)(6); *Cullen*, 218 Ariz. at 419, ¶ 7, 189 P.3d at 346.

[8]　　Appellants' reliance on *Cummins v. Mold-In Graphic Sys.*, 200 Ariz. 335, 26 P.3d 518 (App. 2001) is misplaced. *Cummins* was ordered depublished by our supreme court, 201 Ariz. 474, 38 P.3d 12 (2002), and we do not consider it. *See* Ariz. R. Sup. Ct. 111(c)(1), (g).

this argument and thus have waived it. *See Polanco v. Indus. Comm'n of Ariz.*, 214 Ariz. 489, 491 n.2, ¶ 6, 154 P.3d 391, 393 n.2 (App. 2007) (declining to address the merits of an argument a party mentioned only in passing in his opening brief).

## CONCLUSION

**¶11** For the foregoing reasons, we affirm. We award costs to the State upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA