NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ANTHONY J. DELPRETE, et al., *Plaintiffs/Appellants*,

*v.*

DITECH FINANCIAL LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 17-0056
FILED 12-5-2017

Appeal from the Superior Court in Maricopa County
No. CV2014-051492
The Honorable Aimee L. Anderson, Judge

**AFFIRMED**

COUNSEL

Anthony J. Delprete, Elizabeth A. Delprete, Anthem
*Plaintiffs/Appellants*

Wolfe & Wyman LLP, Phoenix
By Colt B. Dodrill
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

---

**W I N T H R O P**, Presiding Judge:

¶1            Anthony J. Delprete and Elizabeth A. Delprete (the "Delpretes") appeal the superior court's order of dismissal in favor of Ditech Financial LLC ("Ditech") and Federal National Mortgage Association ("Fannie Mae") (collectively "Defendants"). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2            In 2004 the Delpretes purchased a residential property (the "Property") in Anthem. In 2006 the Delpretes refinanced the existing loan secured by the Property and obtained a new loan for $417,000 from New Century Mortgage Corp. ("Century Mortgage"). The 2006 loan was evidenced by a promissory note (the "Note"), and secured by a deed of trust on the Property, which listed Mortgage Electronic Registration Systems ("MERS") as beneficiary and nominee of Century Mortgage. In 2011 MERS assigned the Deed of Trust to Bank of America, NA ("Bank of America"), and in 2013 Bank of America assigned the Deed of Trust to Green Tree Servicing LLC ("Green Tree").

¶3            After the assignment in 2013, Green Tree notified the Delpretes that future payments on the Note should be made to Green Tree. The Delpretes requested Green Tree verify it owned the Note, and it did so by sending the Delpretes a copy of the Note. Green Tree subsequently sent the Delpretes a letter identifying Fannie Mae as the noteholder, but the Delpretes were unable to verify Fannie Mae owned the Note, and stopped making payments.[1] In August 2015, Green Tree merged with Ditech. After the Delpretes' refusal to pay, Ditech recorded a notice of trustee's sale on the Property for January 2016. The Delpretes then paid Ditech, and Ditech cancelled the trustee's sale.

---

[1]      The Delpretes attached to their reply brief a screenshot which shows Fannie Mae owns the Note and Ditech services the Note.

¶4　　　　In the meantime, the Delpretes in 2014 filed a complaint against Century Mortgage, seeking quiet title, declaratory relief, and rescission. Approximately one month later, the Delpretes moved for entry of default based on Century Mortgage's failure to respond to the complaint. Century Mortgage filed a suggestion of bankruptcy with the court, stating it had petitioned for relief under Chapter 11 of Title 11 of the United States Code.

¶5　　　　The superior court denied the Delpretes' motion for entry of default judgment without prejudice, finding the complaint was improperly served because it was delivered to the "Blank Rome" law firm in Delaware instead of to Century Mortgage. The court further found, contrary to the Delpretes' proposed judgment, that Bank of America owned the loan, and the loan was not extinguished by Century Mortgage's bankruptcy.[2] In its ruling, the court advised the Delpretes to consider filing an amended complaint, with proper service of process.

¶6　　　　Rather than file an amended complaint or properly serve the original complaint, the Delpretes moved for declaratory judgment in July 2015, again identifying Century Mortgage as the sole defendant.[3] The superior court denied the motion, reiterating its previous ruling that the complaint had not been properly served. The Delpretes next filed "emergency" motions for summary judgment, which the superior court denied, again based on improper service. In April 2016, the Delpretes filed their first amended complaint, naming Ditech and Fannie Mae as defendants.

¶7　　　　In their amended complaint, the Delpretes sought: (1) injunctive relief to stop the trustee's sale of the Property; (2) declaratory judgment that Defendants had no rights under the Note and the Deed of Trust; (3) quiet title; (4) damages for the recording of a notice of trustee's sale; and (5) rescission. Defendants moved to dismiss and the Delpretes responded, and in turn moved for summary judgment.

---

[2]　　　The Delpretes' request for declaratory judgment proposed that the superior court find that Century Mortgage's bankruptcy "wipe[d] out the loan."

[3]　　　The Delpretes alleged Century Mortgage could not assign the Note because of its bankruptcy; however, they did not support this allegation with facts from the record or legal authority.

**¶8**        After hearing oral argument, the superior court denied the Delpretes' motion for summary judgment, finding the Delpretes' motion was based on "speculation and a general misunderstanding of not only mortgage banking law, but also [] the Uniform Commercial Code," and granted Defendants' motion to dismiss.

**¶9**        The Delpretes moved for reconsideration, but the court denied the motion.  The Delpretes timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016) and 12-2101(A)(1) (2016).

## ANALYSIS

**¶10**        We review *de novo* a superior court's grant of a Rule 12(b)(6) motion to dismiss.[4]  *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012). A motion to dismiss should be granted if the complaint fails to state a claim upon which relief can be granted.  Ariz. R. Civ. P. 12(b)(6).  *See also Logan v. Forever Living Prods. Int'l, Inc.*, 203 Ariz. 191, 193, ¶ 7 (2002) (finding a court will grant a motion to dismiss if "the plaintiff should be denied relief as a matter of law given the facts alleged.").  To determine whether a motion to dismiss should be granted, we look to the sufficiency of the complaint.[5]  *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008).  In reviewing the complaint, "the court must assume the truth of all of the complaint's material allegations, accord the plaintiffs the benefit of all inferences which the complaint can reasonably support, and deny the motion unless certain that plaintiffs can prove no set of facts which will entitle them to relief upon their stated claims." *Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 508 (App. 1987).  *See Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005) (stating the court does not "accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily

---

[4]        Because we affirm the superior court's dismissal, we do not specifically address each of the Delpretes' arguments raised in their motion for summary judgment.

[5]        "[E]xhibits, or public records regarding matters referenced in a complaint, are not 'outside the pleading,' and courts may consider such documents without converting a Rule 12(b)(6) motion into a summary judgment motion." *Coleman*, 230 Ariz. at 356, ¶ 9.  *See also* Ariz. R. Civ. P. 10(c) ("A copy of a written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts.").

**¶11** All documents attached to the first amended complaint and filed with the Defendants' motion to dismiss are either public records or central to the complaint.[6] As such, we need not treat the superior court's grant of Defendants' motion to dismiss as a motion for summary judgment. *See Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 64, ¶¶ 14-15 (App. 2010). Based on the allegations in the first amended complaint and the associated documents, the Delpretes failed to allege any facts, which if taken as true, establish a claim upon which relief can be granted.

     *I.*    *Injunction*

**¶12** The Delpretes' request for an injunction to bar a trustee's sale on the Property is moot because Defendants cancelled the notice of sale. However, even if the issue was not moot, the Delpretes are not entitled to an injunction because they failed to state a claim for which relief can be granted. To obtain injunctive relief, a party must demonstrate "actual or imminent harm," *Home Builders Ass'n of Cent. Ariz. v. Kard*, 219 Ariz. 374, 378, ¶ 18 (App. 2008), and a "strong likelihood that [it] will succeed at trial on the merits." *Shoen v. Shoen*, 167 Ariz. 58, 63 (App. 1990). The Delpretes have not provided any information—beyond their stated belief that a trustee's sale "will cause irreparable injury"—that establishes imminent harm or that they are likely to succeed on the merits. And, since Defendants cancelled the notice of sale, the Delpretes cannot show any actual or imminent harm.

---

[6] The Delpretes attached copies of the following documents to their amended complaint: (1) the warranty deed conveying the Property to the Delpretes; (2) the Note; (3) the Deed of Trust securing the Note; (4) a notice of rejection of executory contract between Century Mortgage and MERS; (5) the assignment of the beneficial interest in the Deed of Trust from Century Mortgage to Bank of America; (6) the assignment of the beneficial interest in the Deed of Trust from Bank of America to Green Tree; (7) the Delpretes' request that Green Tree produce the original promissory note; (8) a screenshot of a Fannie Mae online "look up" search for the Delpretes; and (9) the notice of the January 2016 trustee sale of the Property set for January 11, 2016.

## II. Declaratory Judgment

**¶13** The Delpretes next sought a declaration that Defendants have no legal rights under the Note; however, their argument misapprehends their duty to, at the very least, initially state a claim in their complaint for which relief can be granted. *See* Ariz. R. Civ. P. 12(b)(6).

**¶14** The Delpretes argued that the Note and the Deed of Trust had not been "legally transferred" to Ditech. But they alleged no facts to support their contention that those instruments were not properly assigned, and instead made only conclusory allegations to that effect. Further, the Delpretes would have the court disregard A.R.S. § 33-817, which provides that a "transfer of any contract . . . secured by a trust deed shall operate as a transfer of the security for such contract." A.R.S. § 33-817 (2014). As the superior court correctly found, under A.R.S. § 33-817 a deed of trust automatically follows a promissory note. Thus, because Ditech holds the Note by statutory transfer as a result of its merger with Green Tree, Ditech also holds a beneficiary interest in the Deed of Trust.

## III. Quiet Title

**¶15** The Delpretes sought to quiet title, alleging they are the Property's legal owners. This assertion, however, is contrary to established law that, under a deed of trust, "the trustee holds legal title until the loan balance is paid." *Steinberger v. McVey*, 234 Ariz. 125, 140, ¶ 65 (App. 2014) (citing A.R.S. §§ 33–801(8), (10) (2007)). Further, a party "cannot seek to quiet title solely based on the alleged weakness of his adversary's title." *Id.* (citing *Allison v. State*, 101 Ariz. 418, 421 (1966)). The Delpretes did not allege that they have paid the Note in full and did not allege any other facts which otherwise undermine the Defendants' legal ownership of the Note and rights under the Deed of Trust; accordingly, the court did not err in dismissing the Delpretes' claim to quiet title.

## IV. False Recording Act

**¶16** The Delpretes also alleged Defendants violated A.R.S. § 33-420 by recording the notice of trustee's sale on the Property without a legal right to foreclose. *See* A.R.S. § 33-420(A) (2014) (A person claiming an interest in real property, "who causes a document asserting such claim to be recorded . . . knowing or having reason to know that the document is [] groundless," is liable for damages.). The Delpretes' claim, however, fails.

**¶17** In 2015, Green Tree sent the Delpretes a letter explaining it was authorized to service the Note because Bank of America transferred its

interest in the Note to Green Tree. Later, Ditech provided a certificate of merger showing it merged with Green Tree in 2015. The Delpretes did not provide any factual or legal support that suggests the documents Defendants provided were groundless or false, and the Delpretes have asserted no facts, which if taken as true, provide grounds for relief under A.R.S. § 33-420.

   *V. Rescission*

**¶18**  The Delpretes also sought rescission of the Note, arguing Bank of America made misrepresentations and failed to make required disclosures when refinancing the Note in 2012. The Delpretes alleged they properly rescinded under the Truth in Lending Act ("TLA") by sending a letter demanding rescission in February 2015, within three years of the 2012 loan modification. The Delpretes' claim for rescission is without legal merit because the TLA does not allow or provide a basis for rescission of a home refinancing in this setting, and in any event, the Delpretes failed to allege the ability to tender the loan proceeds.

**¶19**  The TLA grants borrowers the right to rescind certain home loans. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791 (2015). The rescission right granted by the TLA, however, does not apply to transactions for "a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property." 15 U.S.C. § 1635(e)(2). Thus, a borrower cannot rescind a refinancing "by the same creditor of an extension of credit already secured by the consumer's principal dwelling . . . [except] to the extent the new amount financed exceeds the unpaid principal balance . . . ." 12 C.F.R. § 226.23(f)(2).

**¶20**  The Delpretes failed to allege specific facts, such as a new loan advance, that would create a colorable claim for rescission of the 2012 refinancing under the TLA. Further, the Delpretes' claim for rescission fails for the additional reason that they did not allege they were able to tender the loan proceeds. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1170-71 (9th Cir. 2003) (finding that for borrowers to seek rescission they must show the ability to tender money or property to the creditor). *See also* 15 U.S.C. § 1635(b) (borrower must return the property or pay the property's reasonable value to creditor).

**CONCLUSION**

**¶21**        We affirm the superior court's order granting Defendants' motion to dismiss.  The Defendants, as the prevailing parties, are awarded their costs on appeal, subject to compliance with Rule 21, ARCAP.



AMY M. WOOD • Clerk of the Court
FILED:  AA